

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.

ADAN SMITH CAICEDO-RIVERA,

*Defendant.*

No. 3:25-MJ-77

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Christopher M. Page, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent for the Department of Homeland Security ("DHS"), U.S. Immigration & Customs Enforcement ("ICE"), Homeland Security Investigations ("HIS") and I am currently assigned to the Richmond Office. I have been employed by HSI since December 2019, and I have attended classes and courses conducted by local, state, and federal agencies regarding immigration law violations and the importation, transportation, and distribution of illegal drugs. I have completed the Criminal Investigator Training Program and the HSI Special Agent Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to assuming my position with HSI, I was employed as a State Trooper with the Virginia Department of State Police ("VSP") for eight years. During my time as a State Trooper, I was trained to investigate many types of state violations of law to include motor vehicle and criminal statutes. Specifically, I spent six years as a State Trooper assigned to the Counter-Terrorism and Criminal Interdiction Unit ("CCI"). While assigned to CCI, I investigated numerous incidents of narcotics, currency, and firearm smuggling as well as other types of interstate smuggling.

2. Through investigations and training, I am knowledgeable about state and federal

immigration, drug, and firearm laws, and I have participated in numerous drug trafficking, money laundering, and organized crime investigations that have resulted in the arrest and conviction of numerous members of several different international and domestic criminal organizations for violations of state and federal drug and firearm laws, and the seizure of illegal drugs, U.S. currency, firearms, and forfeitable assets.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and warrant and does not set forth all of my knowledge about this matter. The information provided is based upon my personal knowledge, or that of other sworn law enforcement officers participating in this investigation.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe Adan Smith CAICEDO-RIVERA ("CAICEDO-RIVERA") has committed a violation of 18 U.S.C. § 111(a)(1), to wit, he did forcibly resist, oppose, impede, and interfere with any person designated in 18 U.S.C. § 1114, to wit: a United States Customs and Border Protection ("CBP") Officer and a United States Border Patrol ("BP") Agent who were both engaged in performance of their official duties.

## PROBABLE CAUSE

5. Based on my review of CAICEDO-RIVERA's immigration records on file with ICE, on March 13, 2023, an Immigration Judge ordered CAICEDO-RIVERA removed from the United States.

6. On July 23, 2025, at approximately 11:40 a.m., a United States Border Patrol Agent ("BPA") and a CBP Officer ("CBPO")[1] were conducting surveillance of the residence of CAICEDO-RIVERA at 10712 Hollow Court, Glen Allen, Virginia 23059. BPA and CBPO were

---

[1] U.S. Customs and Border Protection is a branch of the U.S. Department of Homeland Security, and U.S. Border Patrol is a branch within U.S. Customs and Border Protection.

conducting surveillance of that residence because they were aware that an Immigration Judge had issued a final order of removal for CAICEDO-RIVERA, and had received information that CAICEDO-RIVERA was residing at 10712 Hollow Court, Glen Allen, Virginia 23059. CBP and BP officers possess arrest authority for individuals unlawfully within the United States.

7. While conducting surveillance, BPA and CBPO observed CAICEDO-RIVERA exit his residence, enter a vehicle, and pull away from the house. Shortly after CAICEDO-RIVERA left the house, BPA and CBPO activated their emergency equipment and conducted a vehicle stop at the intersection of Woodman Road and Marions Lane in Glen Allen, Virginia, within the Eastern District of Virginia. Both BPA and CBPO were performing their duties as BP and CBP officers, respectively, during their surveillance of CAICEDO-RIVERA's residence and their encounter with CAICEDO-RIVERA after they stopped his vehicle.

8. BPA and CBPO identified themselves as immigration officers and explained the reason for the stop. CAICEDO-RIVERA was alone in the vehicle and provided his Colombian passport. CBPO told CAICEDO-RIVERA that he would need to be detained because he had a pending order of removal. BPA and CBPO asked CAICEDO-RIVERA to exit the vehicle. CAICEDO-RIVERA refused and became non-compliant. After a brief period of time during which BPA and CBPO unsuccessfully attempted to verbally gain CAICEDO-RIVERA's compliance, CAICEDO-RIVERA started moving towards the opposite side of the car. BPA and CBPO attempted to physically remove CAICEDO-RIVERA from his vehicle. CAICEDO-RIVERA did not comply, and physically resisted the officers' attempts to take him into custody. A struggle ensued, and, during the struggle, CAICEDO-RIVERA continued to resist CBPO and BPA's attempts to detain him, and CBPO was struck in the face and fell to the ground. CAICEDO-RIVERA was able to break free, and a short foot pursuit ensued until CAICEDO-RIVERA was able to reenter his vehicle and fled the scene.

9. Other law enforcement officers began surveillance of CAICEDO-RIVERA's residence and observed CAICEDO-RIVERA return to his residence a short time later. CAICEDO-RIVERA was inside of the residence for a brief period, and then law enforcement observed CAICEDO-RIVERA and a female exit the residence and enter a vehicle. A vehicle stop was conducted, and CAICEDO-RIVERA was taken into custody without incident.

## CONCLUSION

10. Based on the aforementioned information, I respectfully submit that there is probable cause to believe that Adan Smith CAICEDO-RIVERA did forcibly resist, oppose, impede, and interfere with any person designated in 18 U.S.C. § 1114, to wit: a United States Customs and Border Protection ("CBP") Officer and a United States Border Patrol ("BP") Agent, who were engaged in the performance of their official duties, in violation of 18 U.S.C. § 111(a)(1).

Respectfully submitted,

_____
Christopher M. Page
Special Agent
Homeland Security Investigations

Sworn to and subscribed before me on

July 25, 2025, in Richmond, Virginia.

_____/s/_____
Hon. Summer L. Speight
U.S. Magistrate Judge